UNITED STATES of America ex rel. Milton SMITH, Petitioner,

v.

Thomas PAGE, Respondent.

No. 97 C 3466.

United States District Court, N.D. Illinois, Eastern Division.

Feb. 6, 1998.

Milton Smith, Chicago, IL, pro se.

Catherine F. Glenn, Illinois Attorney General's Office, Chicago, IL, for Respondent.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

This 28 U.S.C. § 2254 ("Section 2254") action by Milton Smith ("Smith"), in which he has filed a self-prepared Petition seeking habeas corpus relief from his 1983 murder conviction in the Circuit Court of Cook County, is one of four cases that this Court inherited from the calendar of its colleague Honorable James Alesia in connection with Judge Alesia's just-effective assumption of senior status. Even though the age of Smith's conviction, when coupled with the timing of his Section 2254 submission, at least suggested the possibility that his action should be dismissed as untimely, it was not until this Court received the newly-filed Motion To Dismiss submitted by respondent Warden Thomas Page[1] that the untimeliness flaw has been confirmed beyond dispute.

Although Warden Page's motion sets out the history of Smith's cases in somewhat greater detail, the only relevant facts for current purposes are these:

1. Smith's direct appeal from his conviction was dispatched by the Illinois Appellate Court for the First Judicial District in its Case No. 84–0436 on April 17, 1985 (Ex. C).

2. Smith's belated petition for leave to appeal to the Illinois Supreme Court (Ex. D) was denied by that Court in its Case No. 63270 on June 3, 1986 (Ex. E).

3. Over two years later Smith sought Section 2254 relief in this District Court (in Case No. 88 C 7463), an effort that Judge Alesia rejected in a March 22, 1991 final order (Ex. F) on grounds of Smith's failure to exhaust state remedies (as required under what was then Section 2254(b) and what is now Section 2254(b)(1)(A)). In conjunction with Smith's unsuccessful ap-

---

1. All Exhibits referred to in this opinion are among the supporting exhibits for Warden Page's Motion To Dismiss.

peal from that disposition, our Court of Appeals modified Judge Alesia's order to a dismissal without (rather than with) prejudice (Ex. H reproduces the Court of Appeals' December 12, 1991 order in its Case No. 91–1663).

4. Smith's current Petition, together with his application for leave to proceed in forma pauperis, were not received in this District Court's Clerk's Office until May 8, 1997. That self-prepared Petition included a jurat that Smith filled out as having been executed on April 22, 1997—but more importantly, the printout of Smith's trust fund account (Ex. G) from Menard Correctional Center (where he is in custody) shows that no funds were charged against the account for the making of any legal copies until April 24 (an $18.10 charge) and that no charges were then made for legal postage until May 1 (a $9.32 charge), May 5 (a $2.16 charge) and May 7 (a $3.00 charge).

That recital plainly shows that Smith's Petition was dead in the water from the very beginning, a determination that is not affected by the fact that Judge Alesia acted to grant in forma pauperis status something over five months after receipt of the Petition (on October 31, 1997).[2] Here is 28 U.S.C. § 2244(d)(1), as added to Title 28 by the Antiterrorism and Effective Death Penalty Act of 1996 ("Act") on April 24, 1996:[3]

(d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Lindh v. Murphy,* 96 F.3d 856, 865–66 (7th Cir.1996)(en banc), *rev'd on other grounds,* —— U.S. ——, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), then eliminated the potential for any retrospective statutory barring of habeas relief via that section by granting a one-year period beyond the Act's effective date—to April 23, 1997—within which to file habeas petitions, even though they would otherwise have been too late under the literal reading of the Section 2244(d)(1) subparts.

In Smith's case, by 1987 the date specified in Section 2244(d)(1)(A) was already ten years in the past. Nor does any of the other subparts—(1)(B), (1)(C) or (1)(D)—provide any cushion for Smith that would carry him past the *Lindh*-dictated April 23, 1997 date. And without adding to Smith's timeliness problem by focusing on Judge Alesia's October 31, 1997 granting of in forma pauperis status (something that could only make things worse, not better, for Smith), the *earliest* date that can be attributed to his Petition would be one that would give him the benefit of the "mailbox rule" announced in a different context (an appeal from denial of a Section 2254 petition) in *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). In this instance, on the facts disclosed by Ex. G, it is beyond dispute that Smith's Petition was not delivered to the institutional authorities at Menard until some time *after* the April 23, 1997 watershed date.

---

**2.** This Court has elsewhere dealt with the effect of a motion for leave to proceed in forma pauperis (that is, without payment of the filing fee) in habeas cases, which call for the most modest outlay (just $5)—a motion often filed by an inmate who obviously has access to that kind of money. As indicated by the text, any complica-

tions caused by an unfounded motion of that type need not be addressed here.

**3.** 28 U.S.C. § 2244(d)(2), which sets out a potential tolling provision, is inapplicable here.

In summary, Smith's Petition was simply tendered too late under the timetable prescribed by Section 2244(d)(1). It is equally plain that no evidentiary hearing is required to resolve the timeliness issue, for the documents now in hand as a result of Warden Page's filing are incontrovertible (see Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts). Under those circumstances, both justice (*id.*) and the law (as embodied in the Act, with the gloss added by *Lindh* ) require the dismissal of the Petition and this action. It is so ordered.[4]

---

[4.] This dismissal of course moots Smith's Motion for Appointment of Counsel, which was received in the Clerk's Office on December 22, 1997. Accordingly that motion is denied on mootness grounds.